Claughton *v.* Black et al.

---

GRIFFIN P. CLAUGHTON *vs.* THOMAS J. BLACK et al.

The defence of the statute of limitations, in a trial of the right of property, must, as in all other cases, be governed by the testimony.

If the claimant, or the person from whom he claims, acquired his title to the slaves before the lien of the judgment attached, or if the lien had expired before the execution was issued, then the defence of the statute of limitations was proper. *Held*, in this case, there was no proof in the record to show that the judgment was ever enrolled, and, therefore, the instruction asked should have been given.

The clerk, in making up a final record, has no authority to enter a judgment. He can only transcribe on the record such a judgment as was entered by the court.

The judgment by default, as read from the minutes of the court, is void, because it fails to specify the amount for which it was rendered.

It does not appear by what means the defendant received notice of the rendition of the judgment against him; the law has prescribed the kind of notice .to be given of the pendency of a suit at law, and the rule cannot be dispensed with, except by a voluntary appearance of the party.

In error from the circuit court of Amite county; Hon. W. P. Harris, judge.

The facts are contained in the opinion of the court.

*D. W. Hurst*, for plaintiff in error.

*J. M. Duffield*, for defendants in error.

Mr. Justice FISHER delivered the opinion of the court.

This was an issue in the circuit court of Amite county, to try the right of property to certain slaves levied on as the property of Moses Whittington, at the suit of the defendants in error, and claimed by the plaintiff in error.

The first point requiring consideration, is the statute of limitation, relied on as a defence by the claimant. The court was asked by the counsel for the claimant to give the following instruction: " That if the jury believe from the testimony, that claimant, Claughton, and those from whom he derived title to the slaves levied upon, and of which this trial of the right of property is now had, have been in their possession for the space of six years, then they should find for the claimant," which charge the court refused to give. The defence of the statute of limitation in a trial of the right of property, must, as in all other cases, be governed by the testimony. The claimant, in

Claughton *v.* Black et al.

this action, occupies the attitude of a defendant in an action of detinue, and, as a general rule, is entitled to make a defence appropriate to such action. But the important question in this case is, to determine when the statute will commence running, or form a good defence. Upon mature examination of the question, however, we are of opinion, that if the claimant, or the person from whom he claims, acquired his title to the slaves before the lien of the judgment attached, or if the lien had expired before the execution was issued, then the defence of the statute was proper.

The testimony shows the judgment to have been rendered in 1839. By the act of 1844, on the subject of judgment liens, the judgment ceased to be a lien, without enrolment, after the first of July of that year, and there is no proof in the record to show that the judgment was ever enrolled. Under this testimony, the instruction should have been given to the jury, who should have considered of the same in conjunction with the testimony showing the claimant's title or possession.

The next question to be noticed is the action of the court in permitting the record of the judgment to be read to the jury. The execution appears to have issued upon a judgment for $231.50; the judgment read to the jury, if it is to be treated as a record, is for $251.50. A judgment in form, by default, appears in the record; but it is difficult to determine whether it was a formal judgment entered by the clerk in making up the final record, or was authorized by the court. The minutes merely show a judgment final by default, without specifying the sum of money adjudged to the plaintiff. If it be true, as stated in the brief of counsel, that the formal judgment was merely the entry of the clerk upon the final record, then we have no hesitation in saying that it was not a judicial act, and cannot be treated as a judgment. The clerk in making the final record, has no authority to enter a judgment; he can only transcribe on the record such judgment as was entered by the court. The judgment by default, as read from the minutes, is void, inasmuch as it fails to specify the amount for which it was rendered.

It does not appear from the record read in evidence, that any

process was ever served on Whittington. It is true that the record says that he had notice of the suit; but this is not sufficient, when the record does not show by what means he received it. The law has prescribed the kind of notice to be given of the pendency of a suit at law; and this rule cannot be dispensed with, except by the voluntary appearance of the party.

We are, therefore, of opinion, that if the judgment as entered upon the minutes, fails to give the amount of money adjudged to plaintiff, it is void, and cannot be corrected or rendered valid by the entry of the clerk, in making up the final record. As the case has to be reversed, we would suggest the propriety of making the fact certain on another trial, as to the judgment rendered by the court.

Judgment reversed, and cause remanded.

SMITH, C. J., having been of counsel, gave no opinion.