A. M. FELTUS *v.* T. O. STARKE.

Suit was brought in Mississippi against defendant by attachment. No service of process was made upon him, and the only evidence of his appearance was an entry on the minutes, that "defendant waives proof of publication, and saying nothing in bar or preclusion of the plaintiff's action, but herein wholly make default whereby the same remains altogether undefended." *Held :* the judgment against the defendant by the laws of Mississippi was not personal, and no action can be maintained upon it, as such, in our courts.

APPEAL from the Sixth District Court of New Orleans, *Cotton*, J.
*Cotton* and *Dorsey*, for plaintiff. *J. S. Holt, jr.*, for defendant and appellant.

MERRICK, C. J. This suit is brought upon a judgment rendered in the State of Mississippi on proceedings in an attachment. No service of process was made upon the defendant. The only evidence of the defendant's appearance to the action is found in the following entry, viz :

"And afterwards, to wit, at a Circuit Court continued and held in and for the county of Wilkinson, at the court house in Woodville, on the nineteenth day of June, 1849, came the said plaintiff by his attorney, and the said defendant waives proof of publication, and saying nothing in bar or preclusion of

the said plaintiff's action, but herein wholly make default whereby the same remains altogether undefended."

The plaintiff contends, that the above proves the appparance of the defendance, and that the judgment was properly regarded by the lower court as one *in personam.*

The defendant on the other hand contends, that the recital in the minutes, under the decisions of the courts of Mississippi, proves nothing, as there was no service of process, and that the judgment only operated upon the property attached.

Although the defendant filed no plea, and entered no formal appearance, we should have been inclined, on reference to the common law authorities, to con- sider the entry on the minutes of the court as sufficient proof of his appearance were it not for the decisions of the courts of Mississippi, wherein it appears to be held : that where there has been no *actual service* such recital is insufficient. See *Miller* v. *Ewing*, 8 Smedes & Marshall, 421 ; 2 S. & M., 213, 307 ; 1 Howard, 53 ; 4 Howard, 402 ; Dutch Code, 807.

The judgment, therefore, could only operate on the property attached, and cannot be made the basis of a judgment against the defendant personally.   See 2 An., 571 ; *Ridley* v. *Ridley*, 2 Cush. R, 656 ; Hutchinson's Code, p. 807 ; 3 Bouvier Inst., 201 ; *Claughton* v. *Black*, 24 Miss. 185 ; 1 Tidd's Practice, 238, 240 ; Ib. 505, 507.

We do not think defendant has established his reconventional demand with sufficient certainty to entitle him to recover, but that he ought to be left to seek his remedy in the courts of equity of the State where the land lies, and which he says would grant relief in a like case.   .

It is, therefore, ordered, adjudged and decreed by the court, that the judgment of the lower court be avoided and reversed, and that the plaintiff's demand, as well as defendant's reconventional demand, be dismissed as in case of nonsuit, the plaintiff paying the costs of both courts.